# Exhibit  A

Skip To MainContent

[Search]

Civil Court Case Information - Case History

## Case Information

| | | | |
|---|---|---|---|
| Case Number: | CV2018-010149 | Judge: | Welty, Joseph |
| File Date: | 8/7/2018 | Location: | Downtown |
| Case Type: | Civil | | |

## Party Information

| Party Name | Relationship | Sex | Attorney |
|---|---|---|---|
| James D Hamberlin | Plaintiff | Male | Joel Robbins |
| Christine Hamberlin | Plaintiff | Female | Joel Robbins |
| State Of Arizona | Defendant | | Pro Per |
| Kriselle Colvin | Defendant | Female | Pro Per |

## Case Documents

| Filing Date | Description | Docket Date | Filing Party |
|---|---|---|---|
| 10/17/2018 | 322 - ME: Notice Of Intent To Dismiss | 10/17/2018 | |
| 10/11/2018 | SUM - Summons | 10/15/2018 | |
| 10/11/2018 | SUM - Summons | 10/15/2018 | |
| 10/11/2018 | AFS - Affidavit Of Service | 10/16/2018 | |
| **NOTE: KRISELLE COLVIN** | | | |
| 10/11/2018 | AFS - Affidavit Of Service | 10/17/2018 | |
| **NOTE: STATE OF ARIZONA** | | | |
| 10/11/2018 | AFS - Affidavit Of Service | 10/17/2018 | |
| **NOTE: KRISELLE COLVIN** | | | |
| 8/7/2018 | COM - Complaint | 8/8/2018 | |
| 8/7/2018 | CCN - Cert Arbitration - Not Subject | 8/8/2018 | |
| 8/7/2018 | CSH - Coversheet | 8/8/2018 | |
| 8/7/2018 | NJT - Not Demand For Jury Trials | 8/8/2018 | |

## Case Calendar

**There are no calendar events on file**

## Judgments

**There are no judgments on file**

**In the Superior Court of the State of Arizona
in and for the County of** Maricopa

# CV2018-010149

(Please Type or Print)

Plaintiff's Attorney _Joel B. Robbins_

Attorney Bar Number _011065_

CHRIS DEROSE, CLERK

BY ~~A.S. Romero~~ DEP.

AS. ROMERO, FILED

2018 AUG -7 PM 2: 52

**Is Interpreter Needed?** ☐
**If yes, what language:**

Plaintiff's Name(s): (List all)    Plaintiff's Address:    Phone #:    Email Address:

James D. Hamberlin; Christine Hamberlin

c/o Joel B. Robbins, 301 E. Bethany Home Road, Suite B-100, Phoenix, AZ 85012; 602-285-0100; joel@robbinsandcurtin.com

(List additional Plaintiffs on page two and/or attach a separate sheet).

Defendant's Name(s): (List All)

State of Arizona; Kriselle Colvin

(List additional Defendants on page two and/or attach a separate sheet)

## NATURE OF ACTION

(Place an **"X"** next to the **one** case category that most accurately describes your primary case.)

**100 TORT MOTOR VEHICLE:**
☐101 Non-Death/Personal Injury
☐102 Property Damage
☐103 Wrongful Death

**110 TORT NON-MOTOR VEHICLE:**
☐111 Negligence
☐112 Product Liability – Asbestos
☐112 Product Liability – Tobacco
☐112 Product Liability – Toxic/Other
☒113 Intentional Tort

☐114 Property Damage
☐115 Legal Malpractice
☐115 Malpractice – Other professional
☐117 Premises Liability
☐118 Slander/Libel/Defamation
☐116 Other (Specify)

**120 MEDICAL MALPRACTICE:**

☐121 Physician M.D.    ☐123 Hospital
☐122 Physician D.O     ☐124 Other

**130 CONTRACTS:**
☐131 Account (Open or Stated)
☐132 Promissory Note
☐133 Foreclosure
☐138 Buyer-Plaintiff
☐139 Fraud
☐134 Other Contract (i.e. Breach of Contract)
☐135 Excess Proceeds-Sale
☐Construction Defects (Residential/Commercial)
    ☐136 Six to Nineteen Structures
    ☐137 Twenty or More Structures

**150-199 OTHER CIVIL CASE TYPES:**
☐156 Eminent Domain/Condemnation
☐151 Eviction Actions (Forcible and Special Detainers)
☐152 Change of Name
☐153 Transcript of Judgment
☐154 Foreign Judgment
☐158 Quiet Title
☐160 Forfeiture
☐175 Election Challenge
☐179 NCC-Employer Sanction Action
    (A.R.S. §23-212)

©Superior Court of Arizona in Maricopa County
ALL RIGHTS RESERVED

CV10f – 070118

☐ 180 Injunction against Workplace Harassment
☐ 181 Injunction against Harassment
☐ 182 Civil Penalty
☐ 186 Water Rights (Not General Stream Adjudication)
☐ 187 Real Property
☐ Special Action against Lower Courts
    (See Lower Court Appeal cover sheet in Maricopa)
☐ 194 Immigration Enforcement Challenge
    (A.R.S. §§1-501, 1-502, 11-1051)

### 150-199 UNCLASSIFIED CIVIL:

☐ Administrative Review
    (See Lower Court Appeal cover sheet in Maricopa)
☐ 150 Tax Appeal
    (All other tax matters must be filed in the AZ Tax
    Court)
☐ 155 Declaratory Judgment
☐ 157 Habeas Corpus
☐ 184 Landlord Tenant Dispute- Other
☐ 190 Declaration of Factual Innocence
    (A.R.S. §12-771)

☐ 191 Declaration of Factual Improper Party Status
☐ 193 Vulnerable Adult (A.R.S. §46-451)
☐ 165 Tribal Judgment
☐ 167 Structured Settlement (A.R.S. §12-2901)
☐ 169 Attorney Conservatorships (State Bar)
☐ 170 Unauthorized Practice of Law (State Bar)
☐ 171 Out-of-State Deposition for Foreign Jurisdiction
☐ 172 Secure Attendance of Prisoner
☐ 173 Assurance of Discontinuance
☐ 174 In-State Deposition for Foreign Jurisdiction
☐ 176 Eminent Domain– Light Rail Only
☐ 177 Interpleader– Automobile Only
☐ 178 Delayed Birth Certificate (A.R.S. §36-333.03)
☐ 183 Employment Dispute- Discrimination
☐ 185 Employment Dispute-Other
☐ 196 Verified Rule 45.2 Petition
☐ 195(a) Amendment of Marriage License
☐ 195(b) Amendment of Birth Certificate
☐ 163 Other _____
                (Specify)

## RULE 26.2 DISCOVERY TIER or AMOUNT PLEADED:

(State the amount in controversy pleaded or place an "X" next to the discovery tier to which the pleadings allege the case
would belong under Rule 26.2.)

☐ Amount Pleaded $ _____      ☐ Tier 1     ☐ Tier 2     ☒ Tier 3

## EMERGENCY ORDER SOUGHT

☐ Temporary Restraining Order     ☐ Provisional Remedy     ☐ OSC     ☐ Election Challenge
☐ Employer Sanction     ☐ Other (Specify) _____

## COMMERCIAL COURT (Maricopa County Only)

☐ This case is eligible for the Commercial Court under Rule 8.1, and Plaintiff requests assignment of this case to the
commercial Court. More information on the commercial Court, including the most recent forms, are available on the
Court's website at https://www.superiorcourt.maricopa.gov/commercial-court/.

**Additional Plaintiff(s):**

_____

_____

**Additional Defendant(s):**

_____

_____

COPY

AUG 0 7 2018

CHRIS DEROSE, CLERK
AS. ROMERO
DEPUTY CLERK

Joel B. Robbins (011065)
Anne E. Findling (010871)
Jesse M. Showalter (026628)
Lauren E. Channell (033484)
ROBBINS & CURTIN, P.L.L.C.
301 E. Bethany Home Road, Suite B-100
Phoenix, Arizona 85012-0001
Telephone: (602) 285-0100
Facsimile: (602) 265-0267
reception@robbinsandcurtin.com

*Attorneys for Plaintiff*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

CV2018-010149

| | |
|---|---|
| JAMES D. HAMBERLIN and CHRISTINE HAMBERLIN, husband and wife, | No. _____ |
| Plaintiffs, | **COMPLAINT** |
| vs. | (Jury Trial Demanded) |
| STATE OF ARIZONA; and KRISELLE COLVIN, an officer with the Arizona Game and Fish Department, | (Rule 26.2 Discovery Tier 3) |
| Defendants. | |

Plaintiffs James D. Hamberlin, D.D.S. and Christine Hamberlin, by and through counsel, submit the following Complaint against Defendants State of Arizona and Officer Kriselle Colvin and allege as follows:

### PARTIES

1.     Plaintiff James D. Hamberlin, D.D.S. is an individual residing in Maricopa County, Arizona.

2.     Plaintiff Christine Hamberlin is an individual residing in Maricopa County, Arizona.

3.    Defendant State of Arizona is a body politic organized under the laws of the State of Arizona.

4.    Defendant Kriselle Colvin is believed to be a resident of Maricopa County, Arizona, and at all relevant times, was and is employed by the State of Arizona as an officer for the Arizona Game and Fish Department ("Game and Fish"). She was a state actor under 42 U.S.C. § 1983 for purposes of her acts and omissions as alleged herein.

5.    At all times alleged herein, Defendant Colvin was acting within the scope of her official duties as an employee of the State of Arizona.

6.    For all state law claims asserted in this matter, Defendant State of Arizona is responsible for the conduct of its employees and agents under the doctrine of *respondeat superior*.

## JURISDICTION AND VENUE

7.    This action arises under the Constitution and laws of the United States, under the Arizona Constitution, and under Arizona common law.

8.    The amount in controversy exceeds the jurisdictional limitations of this Court.

9.    As to Plaintiff's claims under Arizona state law, Plaintiff served a timely notice of claim pursuant to A.R.S. § 12-821.01 upon Defendants State of Arizona and Kriselle Colvin. The notice of claim complied in all ways with the statute, was timely served, and is deemed denied by operation of statute.

10.    The events giving rise to this action occurred in Maricopa County, State of Arizona; therefore, venue is proper in the Superior Court in and for Maricopa County.

11.    Plaintiffs demand a jury trial.

## GENERAL ALLEGATIONS

12.    The foregoing paragraphs are incorporated as if fully set forth herein.

13.    James D. Hamberlin, D.D.S. is an endodontist, LDS bishop, pilot, hunter, and amateur wildlife photographer who is well-known locally and nationally for his bighorn sheep photography.

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0707 ♦ Fax: (602) 265-0267

14.     Dr. Hamberlin also holds a sport pilot license and enjoys flying his legally registered powered parachute whenever the weather and his schedule allow. He flies for personal enjoyment and not to locate, harass, or hunt wildlife or to assist others in doing so.

A. **Arizona Game and Fish investigate an informant's complaint and determine the complaint to be false.**

15.     On or about September 6, 2017, two individuals (the "reporting party") called Game and Fish's Operation Game Thief Hotline and reported that they had seen a hunting guide, Shane Koury, flying a powered parachute to locate bighorn sheep in August 2017 and on September 2 and 4, 2017. The reporting party informed Game and Fish that Shane Koury had been hired by the bighorn sheep auction tag holder to serve as the tag holder's hunting guide, and the reporting party claimed that Mr. Koury was flying to locate bighorn sheep for the auction tag hunt.

16.     Game and Fish Officer Kriselle Colvin began investigating the reporting party's complaint.

17.     Either the initial reporting party or another informant told Game and Fish that two individuals were seen in the powered parachute—a pilot and a passenger holding a large camera.

18.     Upon information and belief, Officer Colvin knew of Plaintiff, Dr. Hamberlin, and knew that he owned a powered parachute and often photographed bighorn sheep; therefore, Officer Colvin included Dr. Hamberlin in her investigation.

19.     Officer Colvin knew that the auction tag holder, Shane Rhoton, was not living in Arizona and was not present in the state during August or early September 2017.

20.     Officer Colvin never contacted Dr. Rhoton during her investigation to ask whether he had hired Mr. Koury as his hunting guide for the bighorn sheep auction tag hunt or whether he knew or had any connection to Dr. Hamberlin.

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0707 ♦ Fax: (602) 265-0267

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0707 ♦ Fax: (602) 265-0267

21.     On or about September 15, 2017, Officer Colvin obtained search warrants for the phone records of Mr. Koury, Tim Downs (who Game and Fish believed was Mr. Koury's employee), and Dr. Hamberlin.

22.     Officer Colvin's investigation led her to conclude that Mr. Koury had not been flying to locate bighorn sheep in August and early September 2017 and that he had not been hired by Dr. Rhoton to guide the hunt.

23.     In other words, Officer Colvin determined that the reporting party's complaint was false and unfounded.

24.     The phone records that Officer Colvin obtained also established that Dr. Hamberlin had no contact with either Mr. Koury or Dr. Rhoton.

25.     Nevertheless, Officer Colvin continued her investigation of Dr. Hamberlin.

26.     Officer Colvin searched Dr. Hamberlin's Facebook and Instagram accounts and observed that Dr. Hamberlin had posted several photographs of bighorn sheep between August 22 and September 5, 2017.

27.     However, Officer Colvin did not know, and did not attempt to confirm, when the photographs were taken, where the photographs were taken, and whether the photographs were taken from the air or the ground.

28.     In fact, none of the photos posted to Dr. Hamberlin's Facebook and Instagram accounts were taken from the air.

**B.   Arizona Game and Fish obtained a search warrant without probable cause, which was based on materially false information.**

29.     On November 21, 2017, Game and Fish Officer Kriselle Colvin executed three search warrant affidavits which accused Dr. Hamberlin of using his powered parachute to harass bighorn sheep and to locate bighorn sheep during the hunting season, in violation of A.R.S. § 17-309(A)(1), Ariz. Admin. Code R12-4-319, and Ariz. Admin. Code R12-4-320.

30.     Both of these alleged offenses are Class Two misdemeanors punishable by fines of a few hundred dollars.

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0707 ♦ Fax: (602) 265-0267

31.     Officer Colvin's affidavits contained information that she knew was false, misleading, and incomplete in order to persuade a Maricopa County Superior Court judge to issue three sweeping, overly broad search warrants for Dr. Hamberlin's person, home, vehicles, mobile phone records, and Facebook and Instagram accounts.

32.     Among other things, Officer Colvin made the following misrepresentations in her search warrant affidavit:

a) The basis for the search warrant was that Dr. Hamberlin had flown to locate—or to assist a hunter in locating—bighorn sheep on or about August 2017, September 2, 2017, and September 4, 2017. Officer Colvin stated in her affidavits that the bighorn sheep auction tag was printed and issued to the tag holder on August 25, 2017. This information was materially misleading because the tag was not signed by the auction tag holder—and was therefore not valid—until he first arrived in Arizona to begin the bighorn sheep hunt on September 21, 2017. Officer Colvin knew that the auction tag holder was not in the state and that the bighorn sheep hunt had not begun on the dates Dr. Hamberlin was accused of having flown his aircraft to assist the tag holder in locating the animals.

b) In the affidavits, Officer Colvin referenced several photos of bighorn sheep that she had obtained from Dr. Hamberlin's Facebook page. Officer Colvin claimed the photos "could have been shot from [an] aerial vantage point." This statement was materially false, misleading, and unfounded because none of the images were taken from the air. Moreover, not one of the images show bighorn sheep which appear to be harassed or threatened and, by Officer Colvin's own admission, all of the photos were "taken from some distance."

c) Officer Colvin's affidavits included the information that the reporting party gave to the Operation Game Thief Hotline which implicated Shane Koury and an unidentified passenger holding a large camera. The affidavits seem to infer that Dr. Hamberlin was the unidentified passenger based on nothing more than the fact that Dr. Hamberlin also owns a powered parachute and enjoys taking photographs of wildlife. Officer Colvin knew that the reporting party's complaint was false and unfounded when she included that information in her affidavits.

d) Officer Colvin failed to include relevant material in her affidavits, including the fact that the reporting party's complaint to the Operation Game Thief Hotline had been determined to be false.

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0707 ♦ Fax: (602) 265-0267

33.     Based on Officer Colvin's materially false and misleading affidavits, the judge issued three search warrants for Dr. Hamberlin's person, home, vehicles (SW2017-011592), mobile phone records (SW2017-011593), and Facebook and Instagram accounts (SW2017-011594).

**C. Arizona Game and Fish officers execute the invalid search warrant and storm into Dr. and Mrs. Hamberlin's home, seizing irreplaceable documents and personal property having nothing to do with the alleged misdemeanors.**

34.     At approximately 7:00 p.m. on November 21, 2017, Officer Colvin and seven other Game and Fish officers surrounded Dr. and Mrs. Hamberlin's home with their hands on their weapons and banged on the Hamberlins' door to execute the search warrant.

35.     Armed officers detained Dr. and Mrs. Hamberlin in their living room for more than four hours while other officers searched every inch of the Hamberlins' home. During this time, the Hamberlins' children were not allowed to return home until after 10:30 p.m. on a school night.

36.     The Game and Fish officers seized more than fifty items from the Hamberlins' home, including Dr. Hamberlin's legally-registered powered parachute, five of the family's computers, three iPads, two cell phones, ten cameras, and more than thirty-five hard drives, thumb drives, and SIM cards. The officers even seized the Hamberlins' home security/surveillance cameras.

37.     In total, the Game and Fish officers seized property worth approximately $70,000 from the Hamberlins.

38.     The seized electronic devices contained all of Dr. Hamberlins' photographs, as well as confidential, privileged, and sensitive information and communications regarding Dr. Hamberlin's endodontic patients and church congregation in the form of emails, text messages, notes, records, and x-rays.

39.     Game and Fish intermittently returned the seized property to the Hamberlins between March and May 2018; however, several electronic devices, including two

computers and a cell phone, were returned to the Hamberlins in an irreparably broken, nonfunctioning condition.

40.    Game and Fish also made digital copies of the Hamberlins' computer hard drives and, upon information and belief, Game and Fish remains in possession of those digital copies.

41.    As a result of the Game and Fish officers' illegal invasion into the Hamberlins' home and seizure of their personal effects, the Hamberlins experienced harm to their reputations, loss of use of their property, and emotional distress. The Hamberlins incurred costs to repair and/or replace their property, attorneys' fees, and other general and special damages.

42.    Defendants' actions were undertaken with reckless indifference to the rights of Plaintiffs; therefore, Plaintiffs are entitled to an award of punitive damages.

**D.  Officer Colvin testifies that she knew the information in her search warrant affidavit was false, and a Superior Court Judge determines the search warrant lacked probable cause.**

43.    Dr. Hamberlin filed a motion to controvert search warrant 2017-011592, and a hearing was held on the matter on June 25, 2018.

44.    At the hearing, Officer Colvin testified that she was aware that the reporting party's September 6, 2017 complaint to the Operation Game Thief Hotline was false and unfounded at the time she included it in her search warrant affidavits regarding Dr. Hamberlin on November 21, 2018.

45.    Officer Colvin also admitted that she did not know how, where, or when the images on Dr. Hamberlin's social media accounts were taken.

46.    Testimony at the hearing also revealed that Officer Colvin failed to include relevant information in the affidavits, including that the bighorn sheep auction tag was not valid and the hunt did not begin until the auction tag holder arrived in the state to begin the

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0707 ♦ Fax: (602) 265-0267

hunt on or about September 21, 2017—several weeks after Dr. Hamberlin was accused of having flown his aircraft to locate the animals.

47.    On July 9, 2018, a Maricopa County Superior Court judge ruled that search warrant was not supported by probable cause and ordered the State to return seized property, including digital copies of the Hamberlins' computer hard drives.

48.    The court determined that neither Officer Colvin's "suspicion nor her investigation had reached the level of probable cause at the time the warrant was sought. Further, Officer Colvin did not include relevant information that she had at the time the warrant was sought indicating that the reporting party had provided information that was later determined to be incorrect."

## COUNT ONE
### 42 U.S.C. § 1983, Fourth and Fourteenth Amendments
### Against Defendants State of Arizona and Kriselle Colvin

49.    The foregoing paragraphs are incorporated as if fully set forth herein.

50.    The Fourth Amendment to the United States Constitution protects the "right of the people to be secure in their persons, houses, papers, and effects" and prohibits state actors from conducting unreasonable searches and seizures.

51.    The Fourteenth Amendment protects an individual's right to substantive due process and provides heightened protection against government interference with certain fundamental rights and liberty interests which are implicit in the concept of ordered liberty.

52.    Defendant Kriselle Colvin violated the Fourth and Fourteenth Amendments when she used materially false and misleading information to obtain a search warrant for the Hamberlins' home and personal effects, which resulted in the invasion of the Hamberlins' home and the seizure of their personal property without probable cause.

53.    Defendant State of Arizona contributed to and/or caused the violation of constitutional rights described above through its unconstitutional policies, practices, and procedures, including, but not limited to, its policies or practices (or failure to train and/or

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0707 ♦ Fax: (602) 265-0267

1   supervise) regarding investigating and obtaining and executing search warrants against

2   individuals believed to have violated Game and Fish laws or regulations.

3       54.     As a direct and proximate result of Defendants' breach of Plaintiffs'

4   constitutional rights as described herein, Plaintiffs sustained special and general damages,

5   including, but not limited to, emotional distress, harm to their reputations, loss of use of

6   their personal property, costs to repair and/or replace their personal property, and

7   attorneys' fees.

8                            <u>COUNT TWO</u>

9                         **Invasion of Privacy**

10                   **Against Defendant State of Arizona**

11      55.     The foregoing paragraphs are incorporated as if fully set forth herein.

12      56.     An individual's right to privacy is guaranteed by Arizona common law and

13  the Arizona Constitution, Art. II, Sec. 8, which provides that "[n]o person shall be

14  disturbed in his private affairs, or his home invaded, without authority of law."

15      57.     Defendant State of Arizona's agents and employees interfered and intruded

16  upon Plaintiffs' expected zone of privacy in Plaintiffs' home, which resulted in an invasion

17  of Plaintiffs' privacy.

18      58.     The intrusion of Plaintiffs' privacy was willful and wanton and without

19  regard for the expectation of privacy that one would expect to have in his or her home.

20      59.     As a proximate result of the invasion of their privacy, Plaintiffs suffered

21  reputational injury, based in part on the fact that the incident became public knowledge

22  throughout their community.

23      60.     Plaintiffs sustained damages as a result of the invasion of their privacy,

24  including, but not limited to, emotional distress, reputational harm, loss of use of their

25  personal property, costs to repair and/or replace their personal property, and other general

26  and special damages.

27  //

28  //

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0707 ♦ Fax: (602) 265-0267

## COUNT THREE

### Conversion

### Against Defendant State of Arizona

61.    The foregoing paragraphs are incorporated as if fully set forth herein.

62.    Arizona Game and Fish Department officers entered the home of Plaintiffs James and Christine Hamberlin and seized, improperly and without justification, more than fifty (50) of Plaintiffs' personal belongings, including Dr. Hamberlin's powered parachute, five computers, three iPads, two cell phones, ten cameras, the home security/surveillance system, and more than thirty-five hard drives, thumb drives, and SIM cards.

63.    Defendant State of Arizona and its agents and employees intended to, and did, exercise dominion or control over the personal property of Plaintiffs James and Christine Hamberlin.

64.    Plaintiffs were deprived of the use of their personal property for several months, and when the items were finally returned, several electronic devices had been irretrievably broken.

65.    In addition, Defendant State of Arizona and its agents and employees made digital copies of the contents of Plaintiffs' computer hard drives and other electronic devices, and Defendant continues to exercise dominion and control over the digital copies of Plaintiffs' property.

66.    Defendant's unlawful and unauthorized custody, control, and retention of Plaintiffs' property constitutes conversion.

67.    Plaintiffs are entitled to damages for the conversion of their personal property.

## COUNT FOUR

### Trespass to Chattels

### Against Defendant State of Arizona

68.    The foregoing paragraphs are incorporated as if fully set forth herein.

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0707 ♦ Fax: (602) 265-0267

69.    Arizona Game and Fish Department officers entered the home of Plaintiffs James and Christine Hamberlin and seized, improperly and without justification, more than fifty (50) of Plaintiffs' personal belongings, including Dr. Hamberlin's powered parachute, five computers, three iPads, two cell phones, ten cameras, the home security/surveillance system, and more than thirty-five hard drives, thumb drives, and SIM cards.

70.    Defendant State of Arizona and its agents and employees intended to, and did, dispossess Plaintiffs of their personal property and intermeddle in Plaintiffs' possessory interests.

71.    Plaintiffs were deprived of the use of their personal property for several months, and when the items were finally returned, several electronic devices had been irretrievably broken.

72.    In addition, Defendant State of Arizona and its agents and employees made digital copies of the contents of Plaintiffs' computer hard drives and other electronic devices, and Defendant continues to exercise dominion and control over the digital copies of Plaintiffs' property.

73.    Defendant's unlawful and unauthorized custody, control, and retention of Plaintiffs' property constitutes trespass to chattels.

74.    Plaintiffs are entitled to damages for trespass to chattels.

<div align="center">

### COUNT FIVE

**Trespass to Land**

**Against Defendant State of Arizona**

</div>

75.    The foregoing paragraphs are incorporated as if fully set forth herein.

76.    Defendant State of Arizona's agents and employees unlawfully entered Plaintiffs' home and property, without justification and without Plaintiffs' consent.

77.    Defendant's unauthorized presence on Plaintiffs' property constitutes trespass.

78.    Plaintiffs are entitled to damages for trespass.

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0707 ♦ Fax: (602) 265-0267

## COUNT SIX

### Negligence/Gross Negligence

### Against Defendant State of Arizona

79. The foregoing paragraphs are incorporated as if fully set forth herein.

80. Defendant State of Arizona and its agents and employees owe a duty of care to member of the public with whom they come into contact and/or investigate, including Plaintiff James Hamberlin.

81. Defendant and its agents and employees knew or should have known that the investigation of Plaintiff James Hamberlin was meritless.

82. Defendant and its agents and employees knew or should have known there was no probable cause to believe that Plaintiff James Hamberlin had committed any crime.

83. Defendant knew its Game and Fish officers, including Officer Kriselle Colvin, had investigatory powers that gave them the ability to cause significant damage to those they investigated.

84. Defendant failed to adequately train and supervise its Game and Fish officers, including Officer Kriselle Colvin.

85. Plaintiffs suffered damages as a result of Defendant's negligent and/or grossly negligent failure to train and supervise its officers regarding investigations and appropriate investigatory methods.

## COUNT SEVEN

### Intentional Infliction of Emotional Distress

### Against Defendant State of Arizona

86. The foregoing paragraphs are incorporated as if fully set forth herein.

87. Defendant State of Arizona and its agents and employees acted with intent and/or recklessness.

88. The conduct of Defendant and its agents and employees was extreme and outrageous.

89. The conduct of Defendant and its agents and employees caused Plaintiffs James and Christine Hamberlin to suffer emotional distress.

90. Plaintiffs have suffered and will continue to suffer extreme emotion distress as a result of Defendant's conduct.

<u>COUNT EIGHT</u>

**Vicarious Liability**

**Against Defendant State of Arizona**

91. The foregoing paragraphs are incorporated as if fully set forth herein.

92. At all relevant times referred to herein, Officer Kriselle Colvin and other Arizona Game and Fish Department employees, whose names are presently unknown, were acting within the course and scope of their employment with Defendant State of Arizona.

93. Pursuant to the theory of *respondeat superior*, Defendant State of Arizona is responsible for the conduct of its officers, including Officer Kriselle Colvin, and Defendant is liable to Plaintiffs for the damages resulting from their conduct.

94. Defendant State of Arizona is responsible for the training and supervision of its officers, including Officer Kriselle Colvin, and is liable for the acceptance and ratification of the conduct of its officers, as complained of herein, as being consistent with Defendant's customs, practices, and policies.

95. Plaintiffs are therefore entitled to recover damages from Defendant for all claims arising from the actions of Officer Kriselle Colvin and other Game and Fish officers whose names are presently unknown.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

A. For special and general damages in an amount to be determined at trial, including, but not limited to, reputational harm, invasion of privacy, loss of use of their personal property, costs to repair or replace personal property, other economic losses, and emotional distress;

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0707 ♦ Fax: (602) 265-0267

B.  Against Officer Kriselle Colvin, for punitive damages to the extent permitted by law;

C.  For pre- and post-judgment interest to the extent permitted by law;

D.  For attorneys' fees and taxable costs to the extent permitted by law; and

E.  Such other relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED:  August 7, 2018

ROBBINS & CURTIN, p.l.l.c.

By: _____
Joel B. Robbins
Anne E. Findling
Jesse M. Showalter
Lauren E. Channell
301 E. Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
*Attorney for Plaintiffs*

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0707 ♦ Fax: (602) 265-0267

ORIGINAL

CHRIS DEROSE, CLERK
RECEIVED CCC #4
NIGHT DEPOSITORY

18 OCT 11 AM 7:42

FILED BY: M. Patterson

Joel B. Robbins (011065)
Anne E. Findling (010871)
Jesse M. Showalter (026628)
Lauren E. Channell (033484)
ROBBINS & CURTIN, P.L.L.C.
301 E. Bethany Home Road, Suite B-100
Phoenix, Arizona 85012-0001
Telephone: (602) 285-0100
Facsimile: (602) 265-0267
reception@robbinsandcurtin.com

*Attorneys for Plaintiff*

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0707 ♦ Fax: (602) 265-0267

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF MARICOPA**

JAMES D. HAMBERLIN and CHRISTINE HAMBERLIN, husband and wife,

Plaintiffs,

vs.

STATE OF ARIZONA; and KRISELLE COLVIN, an officer with the Arizona Game and Fish Department,

Defendants.

No. CV 2018-010149

**SUMMONS**

If you would like legal advice from a lawyer, contact the Lawyer Referral Service at 602-257-4434 or www.maricopalawyers.org Sponsored by the Maricopa County Bar Association

THE STATE OF ARIZONA TO THE DEFENDANT:

**KRISELLE COLVIN**

YOU ARE HEREBY SUMMONED and required to appear and defend, within the time applicable, in this action in this Court. If served within Arizona, you shall appear and defend within 20 days after the service of the Summons and Complaint upon you, exclusive of the day of service. If served out of the State of Arizona--whether by direct service, by registered or certified mail, or by publication--you shall appear and defend within 30 days after the service of the Summons and Complaint upon you is complete, exclusive of the day of service. Where process is served upon the Arizona Director of Insurance as an insurer's attorney to receive service of legal process against it in this state,

the insurer shall not be required to appear, answer or plead until expiration of 40 days after date of such service upon the Director. Service by registered or certified mail without the State of Arizona is complete 30 days after the date of filing the receipt and affidavit of service with the Court. Service by publication is complete 30 days after the date of first publication. Direct service is complete when made. Service upon the Arizona Motor Vehicle Superintendent is complete 30 days after filing the Affidavit of Compliance and return receipt or Officer's Return. **RULE 4, Arizona Rules of Civil Procedure, ARS Sections 20-222, 28-502, 28-503.**

YOU ARE HEREBY NOTIFIED that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint.

YOU ARE HEREBY NOTIFIED that requests for reasonable accommodation for persons with disabilities must be made to the division assigned to the case by parties at least three (3) judicial days in advance of a scheduled court proceeding.

YOU ARE CAUTIONED that in order to appear and defend, you must file an Answer or proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any Answer or response upon the plaintiff's attorney. **RULE 10(d), Arizona Rules of Civil Procedure, A.R.S. Section 12-311; RULE 5, Arizona Rules of Civil Procedure.**

The name and address of plaintiffs' attorneys are:

Joel B. Robbins, Esq.
Anne E. Findling, Esq.
Jesse M. Showalter, Esq.
Lauren E. Channell, Esq.
Robbins & Curtin, p.l.l.c.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012

SIGNED AND SEALED this date: _____ AUG - 7 2018

CHRIS DEROSE, **CLERK**

By: _____

Deputy Clerk

A. S. Romero
Deputy Clerk



CHRIS DEROSE, CLERK
RECEIVED CCC #4
NIGHT DEPOSITORY

18 OCT 11 AM 7: 43

FILED BY: _____ Patterson

1   Joel B. Robbins (011065)
2   Anne E. Findling (010871)
    Jesse M. Showalter (026628)
3   Lauren E. Channell (033484)
    ROBBINS & CURTIN, P.L.L.C.
4   301 E. Bethany Home Road, Suite B-100
    Phoenix, Arizona 85012-0001
5   Telephone: (602) 285-0100
6   Facsimile: (602) 265-0267
    reception@robbinsandcurtin.com
7

8   *Attorneys for Plaintiff*

9            **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

10              **IN AND FOR THE COUNTY OF MARICOPA**

11

12   JAMES D. HAMBERLIN and            No. CV 2018-010149
     CHRISTINE HAMBERLIN, husband
13   and wife,

14            Plaintiffs,                        **SUMMONS**

15       vs.                          If you would like legal advice from a lawyer,
                                      contact the Lawyer Referral Service at
16                                              602-257-4434
     STATE OF ARIZONA; and                         or
17   KRISELLE COLVIN, an officer with      www.maricopalawyers.org
     the Arizona Game and Fish Department,    Sponsored by the
18                                      Maricopa County Bar Association
19            Defendants.

20

21        THE STATE OF ARIZONA TO THE DEFENDANT:

22                      **STATE OF ARIZONA**

23

24        YOU ARE HEREBY SUMMONED and required to appear and defend, within the
     time applicable, in this action in this Court. If served within Arizona, you shall appear and
25   defend within 20 days after the service of the Summons and Complaint upon you,
     exclusive of the day of service. If served out of the State of Arizona--whether by direct
26   service, by registered or certified mail, or by publication--you shall appear and defend
27   within 30 days after the service of the Summons and Complaint upon you is complete,
     exclusive of the day of service. Where process is served upon the Arizona Director of
28   Insurance as an insurer's attorney to receive service of legal process against it in this state,

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0707 ♦ Fax: (602) 265-0267

the insurer shall not be required to appear, answer or plead until expiration of 40 days after date of such service upon the Director. Service by registered or certified mail without the State of Arizona is complete 30 days after the date of filing the receipt and affidavit of service with the Court. Service by publication is complete 30 days after the date of first publication. Direct service is complete when made. Service upon the Arizona Motor Vehicle Superintendent is complete 30 days after filing the Affidavit of Compliance and return receipt or Officer's Return. **RULE 4, Arizona Rules of Civil Procedure, ARS Sections 20-222, 28-502, 28-503.**

YOU ARE HEREBY NOTIFIED that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint.

YOU ARE HEREBY NOTIFIED that requests for reasonable accommodation for persons with disabilities must be made to the division assigned to the case by parties at least three (3) judicial days in advance of a scheduled court proceeding.

YOU ARE CAUTIONED that in order to appear and defend, you must file an Answer or proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any Answer or response upon the plaintiff's attorney. **RULE 10(d), Arizona Rules of Civil Procedure, A.R.S. Section 12-311; RULE 5, Arizona Rules of Civil Procedure.**

The name and address of plaintiffs' attorneys are:

Joel B. Robbins, Esq.
Anne E. Findling, Esq.
Jesse M. Showalter, Esq.
Lauren E. Channell, Esq.
Robbins & Curtin, p.l.l.c.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012

SIGNED AND SEALED this date: <u>AUG - 7 2018</u>

CHRIS DEROSE, CLERK

By: <u>A B Romero</u>
Deputy Clerk



A. S. Romero
Deputy Clerk

---

**ROBBINS & CURTIN, P.L.L.C.**
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0707 ♦ Fax: (602) 265-0267

1  Joel B. Robbins (011065)
   Anne E. Findling (010871)
2  Jesse M. Showalter (026628)
   Lauren E. Channell (033484)
3  ROBBINS & CURTIN, P.L.L.C.
   301 E. Bethany Home Road, Suite B-100
4  Phoenix, Arizona 85012-0001
   Telephone: (602) 285-0100
5  Facsimile: (602) 265-0267
   reception@robbinsandcurtin.com
6

7

8  *Attorneys for Plaintiff*

COPY

AUG 0 7 2018

CHRIS DEROSE, CLERK
AS. ROMERO
DEPUTY CLERK

9            IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

10              IN AND FOR THE COUNTY OF MARICOPA

11

12  JAMES D. HAMBERLIN and                    No.   CV 2018-010149
    CHRISTINE HAMBERLIN, husband
13  and wife,

14            Plaintiffs,                      DEMAND FOR JURY TRIAL

15       vs.

16

17  STATE OF ARIZONA; and
    KRISELLE COLVIN, an officer with
18  the Arizona Game and Fish Department,

19            Defendants.

20

21            Plaintiff respectfully requests a trial by jury on all issues in this matter triable

22  to a jury.

23       RESPECTFULLY SUBMITTED this 7th day of August, 2018.

24  //

25  //

26  //

27  //

28  //

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0707 ♦ Fax: (602) 265-0267

ROBBINS & CURTIN, p.l.l.c.

By: _____
Joel B. Robbins
Anne E. Findling
Jesse M. Showalter
Lauren E. Channell
301 E. Bethany Home Road
Suite B-100
Phoenix, Arizona 85012
*Attorneys for Plaintiff*

Joel B. Robbins (011065)
Anne E. Findling (010871)
Jesse M. Showalter (026628)
Lauren E. Channell (033484)
ROBBINS & CURTIN, P.L.L.C.
301 E. Bethany Home Road, Suite B-100
Phoenix, Arizona 85012-0001
Telephone: (602) 285-0100
Facsimile: (602) 265-0267
reception@robbinsandcurtin.com

*Attorneys for Plaintiff*

COPY



AUG 0 7 2018
CHRIS DEROSE, CLERK
AS. ROMERO
DEPUTY CLERK

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| JAMES D. HAMBERLIN and CHRISTINE HAMBERLIN, husband and wife, <br><br> Plaintiffs, <br><br> vs. <br><br> STATE OF ARIZONA; and KRISELLE COLVIN, an officer with the Arizona Game and Fish Department, <br><br> Defendants. | No. CV 2018-010149 <br><br> **CERTIFICATE REGARDING COMPULSORY ARBITRATION** |

The undersigned certifies that the largest award sought by the complainant, excluding interest, attorney's fees, and costs, exceeds the limits set by Local Rule for compulsory arbitration. Therefore, this case is not subject to the rules regarding compulsory arbitration.

RESPECTFULLY SUBMITTED this 7th day of August, 2018.

//

//

*Sidebar:*
ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0707 ♦ Fax: (602) 265-0267

ROBBINS & CURTIN, p.l.l.c.

By: _____
Joel B. Robbins
Anne E. Findling
Jesse M. Showalter
Lauren E. Channell
301 E. Bethany Home Road, #B-100
Phoenix, Arizona 85012
*Attorneys for Plaintiff*

Rickie McTheny (#8315-MARICOPA COUNTY)
JBN LEGAL SUPPORT SERVICE, L.L.C.
8910 N. CENTRAL AVE.
Phoenix, AZ 85020
623-229-9291

CHRIS DEROSE, CLERK
RECEIVED CCC #4
NIGHT DEPOSITORY

18 OCT 11 AM 7: 42

FILED BY: ___ cm - Pattern

## MARICOPA COUNTY SUPERIOR COURT

JAMES D. HAMBERLIN and CHRISTINE
HAMBERLIN, husband and wife
        Plaintiffs
        Vs.

STATE OF ARIZONA; and KRISELLE COLVIN, an
officer with the Arizona Game and Fish Department
        Defendants

Case No: CV2018-010149

CERTIFICATE OF SERVICE
BY A PRIVATE PERSON
Arizona Rules of Court 80(1)

Type of Document(s)    SUMMONS; COMPLAINT; CERTIFICATE OF COMPULSORY ARBITRATION;
DEMAND FOR JURY TRIAL; PLAINTIFF'S FIRST SET OF REQUESTS FOR
DISCOVERY AND PLAINTIFF'S INITIAL DISCLOSURE STATEMENT with CD
CONTAINING EXHIBITS TO INITIAL DISCLOSURE STATEMENT

I personally served true copies of the above listed documents on the person listed below.

ENTITY SERVED:    KRISELLE COLVIN, OFFICER, ARIZONA GAME AND FISH
HOW SERVED:    PERSONALLY ON LISA FISCHER accepting service as RECEPTIONIST
AT:    2005 N. CENTRAL AVE., PHOENIX, AZ
ON:    OCTOBER 10, 2018
TIME:    3:24 PM

The undersigned certifies under penalty of perjury that I am fully qualified under 4(d), 4(c), and 45(d) to serve
process in this action within the state of Arizona; having been so appointed and registered by the Superior Court of
Maricopa County, Arizona and that the above is true and accurate.

DECLARANT:    *Rickie McTny*
        Rickie McTheny
        d.b.a. JBN Legal Support Service, L.L.C.
        OCTOBER 11, 2018

DOC FEE:    $  20.00
MILEAGE    $  68.00
ISSUE / PICK-UP    $  6.00(1/2)
CERT.    $  5.00

TOTAL    $  99.00
JR

Rickie McTheny (#8315-MARICOPA COUNTY)
JBN LEGAL SUPPORT SERVICE, L.L.C.
8910 N. CENTRAL AVE.
Phoenix, AZ 85020
623-229-9291

CHRIS DEROSE, CLERK
RECEIVED CCC #4
NIGHT DEPOSITORY

18 OCT 11 AM 7: 43

FILED BY: _Om. Patterson_

# MARICOPA COUNTY SUPERIOR COURT

| | |
|---|---|
| JAMES D. HAMBERLIN and CHRISTINE HAMBERLIN, husband and wife<br>Plaintiffs<br>Vs.<br><br>STATE OF ARIZONA; and KRISELLE COLVIN, an officer with the Arizona Game and Fish Department<br>Defendants | Case No: CV2018-010149<br><br>CERTIFICATE OF SERVICE<br>BY A PRIVATE PERSON<br>Arizona Rules of Court 80(I) |

Type of Document(s)   SUMMONS; COMPLAINT; CERTIFICATE OF COMPULSORY ARBITRATION; DEMAND FOR JURY TRIAL; PLAINTIFF'S FIRST SET OF REQUESTS FOR DISCOVERY AND PLAINTIFF'S INITIAL DISCLOSURE STATEMENT with CD CONTAINING EXHIBITS TO INITIAL DISCLOSURE STATEMENT

I personally served true copies of the above listed documents on the person listed below.

ENTITY SERVED:   STATE OF ARIZONA, c/o DEBORAH GARNER, ASSISTANT ATTORNEY GENERAL
HOW SERVED:   PERSONALLY ON LISA FISCHER accepting service  as RECEPTIONIST
AT:   2005 N. CENTRAL AVE., PHOENIX, AZ
ON:   OCTOBER 10, 2018
TIME:   3:24 PM

The undersigned certifies under penalty of perjury that I am fully qualified under 4(d), 4(c), and 45(d) to serve process in this action within the state of Arizona; having been so appointed and registered by the Superior Court of Maricopa County, Arizona, and that the above is true and accurate.

DECLARANT:   _Rickie McTheny_
Rickie McTheny
d.b.a. JBN Legal Support Service, L.L.C.
OCTOBER 11, 2018

| | |
|---|---|
| DOC FEE: | $  20.00 |
| MILEAGE | $  12.00 |
| ISSUE / PICK-UP | $   6.00(1/2) |
| CERT. | $   5.00 |
| | |
| TOTAL | $  43.00 |
| JR | |

Rickie McTheny (#8315-MARICOPA COUNTY)
JBN LEGAL SUPPORT SERVICE, L.L.C.
8910 N. CENTRAL AVE.
Phoenix, AZ 85020
623-229-9291

## MARICOPA COUNTY SUPERIOR COURT

| | |
|---|---|
| JAMES D. HAMBERLIN and CHRISTINE HAMBERLIN, husband and wife <br> Plaintiffs <br> Vs. <br><br> STATE OF ARIZONA; and KRISELLE COLVIN, an officer with the Arizona Game and Fish Department <br> Defendants | Case No: CV2018-010149 <br><br> **AMENDED** CERTIFICATE OF SERVICE BY A PRIVATE PERSON <br> Arizona Rules of Court 80(1) |

Type of Document(s)      SUMMONS; COMPLAINT; CERTIFICATE OF COMPULSORY ARBITRATION; DEMAND FOR JURY TRIAL; PLAINTIFF'S FIRST SET OF REQUESTS FOR DISCOVERY AND PLAINTIFF'S INITIAL DISCLOSURE STATEMENT with CD CONTAINING EXHIBITS TO INITIAL DISCLOSURE STATEMENT

I personally served true copies of the above listed documents on the person listed below.

ENTITY SERVED:      KRISELLE COLVIN, OFFICER, ARIZONA GAME AND FISH
HOW SERVED:         *PERSONALLY ON JENNIFER ZUFFRANIERI accepting service as CUSTOMER SERVICE REPRESENTATIVE*
*AT:*               *7200 E. UNIVERSITY DR., MESA, AZ*
*ON:*               *OCTOBER 10, 2018*
*TIME:*             *4:13 PM*

The undersigned certifies under penalty of perjury that I am fully qualified under 4(d), 4(c), and 45(d) to serve process in this action within the state of Arizona; having been so appointed and registered by the Superior Court of Maricopa County, Arizona, and that the above is true and accurate.

DECLARANT:          _Rickie McTheny_
                    Rickie McTheny
                    d.b.a. JBN Legal Support Service, L.L.C.
                    OCTOBER 11, 2018


DOC FEE:            $   20.00
MILEAGE             $   68.00
ISSUE / PICK-UP     $    6.00(1/2)
CERT.               $    5.00

TOTAL               $   99.00
JR



# SUPERIOR COURT OF ARIZONA
# MARICOPA COUNTY

**FILED**
10/17/2018
by Superior Court Admin
on behalf of Clerk of the
Superior Court

Ct. Admin
Deputy

10/13/2018

COURT ADMINISTRATION

**Case Number:** CV2018-010149

**James D Hamberlin**

**V.**

**State Of Arizona**

The Judge assigned to this action is the Honorable Joseph C Welty

## NOTICE OF INTENT TO DISMISS FOR LACK OF SERVICE

You are hereby notified that the complaint filed on 08/07/2018 is subject to dismissal pursuant to Rule 4 (i) of the Arizona Rules of Civil Procedure. The deadline for completing service is 11/05/2018. If the time for completing service has not been extended by the court and no defendants have been served by this date, the case will be dismissed without prejudice.

All documents required to be filed with the court should be electronically filed through Arizona Turbo Court at www.azturbocourt.gov.

# Superior Court of Maricopa County - Integrated Court Information System
## Endorsee Party Listing
Case Number: CV2018-010149

| Party Name | Attorney Name | |
|---|---|---|
| Christine Hamberlin | Joel B Robbins | Bar ID: 011065 |
| James D Hamberlin | Joel B Robbins | Bar ID: 011065 |

1   MARK BRNOVICH
    Attorney General
2
    Christopher B. Davis (027887)
3   Stephanie Elliott (030872)
    Jeremy Horn (024707)
4   Assistant Attorneys General
5   2005 North Central Avenue
    Phoenix, Arizona 85004
6   Tel: (602) 542-8555
7   Fax: (602) 364-2214
    DefensePhx@azag.gov
8   Christopher.Davis@azag.gov
    Stephanie.Elliott@azag.gov
9   Jeremy.Horn@azag.gov
10  *Attorneys for State Defendant*

11
                **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**
12
                   **IN AND FOR THE COUNTY OF MARICOPA**
13

| | |
|---|---|
| 14  JAMES D. HARMBERLIN and CHRISTINE HAMBERLIN, husband and 15  wife, | Case No: CV2018-010149 **STATE'S ANSWER TO COMPLAINT** |
| 16      Plaintiffs, | |
| 17  v. | (Assigned to the Hon. Joseph Welty) |
| 18  STATE OF ARIZONA; and KRISELLE 19  COLVIN, an officer with the Arizona Game and Fish Department, | |
| 20 | |
| 21      Defendants. | |

22

23          Defendants Kriselle Colvin and the State of Arizona ("State Defendants") hereby

24  file their Answer to Plaintiffs' Complaint.

25          State Defendants hereby admit, deny, and allege as follows:

26

#7413090

1      1.     The State Defendants lack sufficient knowledge or information to admit or

2  deny the allegations in paragraphs 1-2 of the Complaint and therefore deny same.

3      2.     The State Defendants admit that the State of Arizona is a governmental

4  entity as alleged in paragraph 3 of the Complaint.

5      3.     Answering paragraph 4 of the Complaint, State Defendants admit that

6  Officer Kriselle Colvin is a resident of Maricopa County, Arizona and was employed by

7  the Arizona Game and Fish Department, an agency of the State of Arizona, at all relevant

8  times for the purposes of this Complaint.  The State Defendants further admit that she

9  would qualify as a state actor under 42 U.S.C. § 1983 but deny that any of Officer Colvin's

10  acts or omissions caused Plaintiffs to be deprived of any rights, privileges, or immunities

11  secured by the Constitution.

12     4.     State Defendants admit the allegations in paragraph 5 of the Complaint.

13     5.     Answering paragraph 6 of the Complaint, State Defendants admit that the

14  doctrine of respondeat superior generally applies to the State but deny responsibility or

15  liability for any specific or alleged action of any employee or agent under the doctrine of

16  respondeat superior in this case.

17     6.     The State Defendants lack sufficient knowledge or information to admit or

18  deny the allegations in paragraph 7 of the Complaint and therefore deny same.

19     7.     The State Defendants lack sufficient knowledge or information to admit or

20  deny the allegations in paragraph 8 of the Complaint and therefore deny same

21     8.     The State Defendants admit the allegations in paragraph 9 of the Complaint.

22     9.     The State Defendants admit that the events giving rise to this action occurred

23  in Maricopa County, Arizona and that venue is proper in Maricopa County, Arizona.

24     10.    Paragraph 11 of the Complaint does not contain an allegation that requires a

25  response from the State Defendants.

26

1    11.    Answering paragraph 12 of the Complaint, the State Defendants incorporate
2    their responses to the allegations in paragraphs 1-11 as if fully set forth herein.

3    12.    The State Defendants lack sufficient knowledge or information to admit or
4    deny the allegations in paragraphs 13 of the Complaint and therefore deny same.

5    13.    The State Defendants lack sufficient knowledge or information to admit or
6    deny the allegations in paragraph 14 of the Complaint and therefore deny same.

7    14.    The State Defendants admit the allegations in paragraph 15 of the Complaint.

8    15.    The State Defendants admit the allegations in paragraph 16 of the Complaint.

9    16.    The State Defendants admit the allegations in paragraph 17 of the Complaint.

10   17.    The State Defendants admit the allegations in paragraph 18 of the Complaint.

11   18.    The State Defendants admit that Officer Colvin knew the Plaintiff, knew that
12   he owned a powered parachute, and knew that Plaintiff often photographed bighorn sheep.
13   The State Defendants deny the remaining allegations in paragraph 18 of the Complaint.

14   19.    The State Defendants lack sufficient knowledge or information to admit or
15   deny the allegations in paragraph 19 of the Complaint and therefore deny same.

16   20.    The State Defendants lack sufficient knowledge or information to admit or
17   deny the allegations in paragraph 20 of the Complaint and therefore deny same.

18   21.    The State Defendants admit the allegations in paragraph 21 of the Complaint.

19   22.    The State Defendants admit that Officer Colvin's investigation of Mr.
20   Koury's cellphone records revealed his phone had not been in the relevant locations in
21   early September 2017 and showed that the reporting party's identification that Mr. Koury
22   had been the one flying to locate bighorn sheep and hired to guide the auction tag holder
23   was incorrect.  In late October 2017, upon checkout of the killed sheep, Officer Colvin
24   determined that auction tag holder Shane Rhoton had hired A3 Outfitters to guide him on

25

26

3

the hunt. The State Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in paragraph 22 of the Complaint and therefore deny same.

23. The State Defendants deny the allegations in paragraph 23 of the Complaint.

24. The State Defendants admit the allegations in paragraph 24 of the Complaint as they pertain to the time period before the harvest of the bighorn sheep.

25. The State Defendants admit that Officer Colvin continued her investigation of Plaintiff but deny any conclusory allegation in paragraph 25 of the Complaint that it was based on any information relating to Mr. Koury or Shane Rhoton.

26. Answering paragraph 26 of the Complaint, the State Defendants admit that Officer Colvin looked at publically available Facebook and Instragram accounts of the Plaintiff. After seeing certain suspicious pictures, Officer Colvin obtained a search warrant to obtain the metadata as to the dates the pictures were uploaded.

27. The State Defendants deny the allegations in paragraph 27 of the Complaint that Officer Colvin did not attempt to confirm the information related to the photographs, because the purpose of the search warrants, in part, was to confirm said information.

28. The State Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 28 of the Complaint and therefore deny same.

29. The State Defendants admit the allegations in paragraph 29 of the Complaint.

30. Answering paragraph 30 of the Complaint, the State Defendants admit that the criminal offenses Plaintiff was suspected to have committed were class two misdemeanors. State Defendants deny the remainder of the allegations in that paragraph.

31. The State Defendants deny the allegations in paragraph 31 of the Complaint.

32. The State Defendants deny the allegations in paragraph 32 of the Complaint and specifically deny that any assertions in Officer Colvin's affidavits contained were materially false and/or misleading..

4

33. The State Defendants deny the allegations in paragraph 33 of the Complaint and specifically deny that any assertions in Officer Colvin's affidavit were materially false and/or misleading.

34. The State Defendants admit that the search warrant regarding Plaintiff's home was executed at the date and time alleged in paragraph 34 of the Complaint. The State Defendants deny any remaining allegations in paragraphs 34 of the Complaint.

35. The State Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 35 of the Complaint and therefore denies same.

36. The State Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 36 of the Complaint and therefore denies same.

37. The State Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 37 of the Complaint and therefore denies same.

38. The State Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 38 of the Complaint and therefore denies same.

39. The State Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 39 of the Complaint and therefore denies same.

40. Answering paragraph 40 of the Complaint, the State Defendants admit that the State Defendants made digital copies of the Plaintiff's computer hard drives but deny that the State Defendants remain in possession of any of those digital copies.

41. The State Defendants deny the allegations in paragraph 41 of the Complaint.

42. The State Defendants deny the allegations in paragraph 42 of the Complaint.

43. The State Defendants admit the allegation in paragraph 43 of the Complaint.

44. The State Defendants deny the allegations in paragraph 44 of the Complaint.

45. The State Defendants object to the form of the allegations in paragraph 45 of the Complaint, but as written, State Defendants lack sufficient knowledge or information

to admit or deny the allegations in paragraph 45 of the Complaint and therefore deny same. This allegation is based on questioning from opposing counsel but the information most responsive to this allegation is contained in Officer Colvin's search warrant affidavits.

46. The State Defendants deny the allegations in paragraph 46 of the Complaint.

47. The State Defendants admit the allegations in paragraph 47 of the Complaint.

48. Answering paragraph 48 of the Complaint, the State Defendants admit that the selected quote appears in the Superior Court's minute entry. The State Defendants affirmatively allege that the Court also stated that it "finds nothing improper in Officer Colvin's investigation based upon the suspicion…"

49. Answering paragraph 49 of the Complaint, the State Defendants incorporate their answers to paragraphs 1-48 of the Complaint as if fully set forth herein.

50. Paragraph 50 of the Complaint does not contain allegations that require a response from the State Defendants.

51. Paragraph 51 of the Complaint does not contain allegations that require a response from the State Defendants.

52. The State Defendants deny the allegations in paragraph 52 of the Complaint.

53. The State Defendants deny the allegations in paragraph 53 of the Complaint.

54. The State Defendants deny the allegations in paragraph 54 of the Complaint.

55. Answering paragraph 55 of the Complaint, the State Defendants incorporate their answers to paragraphs 1-54 of the Complaint as if fully set forth herein.

56. Paragraph 56 of the Complaint does not contain allegations that require a response from the State Defendants.

57. The State Defendants deny the allegations in paragraph 57 of the Complaint.

58. The State Defendants deny the allegations in paragraph 58 of the Complaint.

59. The State Defendants deny the allegations in paragraph 59 of the Complaint.

60. The State Defendants deny the allegations in paragraph 60 of the Complaint.

61. Answering paragraph 61 of the Complaint, the State Defendants incorporate their answers to paragraphs 1-60 of the Complaint as if fully set forth herein.

62. The State Defendants deny the allegations in paragraph 62 of the Complaint.

63. The State Defendants deny the allegations in paragraph 63 of the Complaint.

64. The State Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 64of the Complaint and therefore denies same.

65. Answering paragraph 65 of the Complaint, the State Defendants admit that the State Defendants made digital copies of the contents of the Plaintiff's computer hard drives and other electronic devices but deny that the State Defendants continue to exercise dominion and control over the digital copies.

66. The State Defendants deny the allegations in paragraph 66 of the Complaint.

67. The State Defendants deny the allegations in paragraph 67 of the Complaint.

68. Answering paragraph 68 of the Complaint, the State Defendants incorporate their answers to paragraphs 1-67 of the Complaint as if fully set forth herein.

69. The State Defendants deny the allegations in paragraph 69 of the Complaint.

70. The State Defendants deny the allegations in paragraph 70 of the Complaint.

71. The State Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 71 of the Complaint and therefore deny same.

72. Answering paragraph 72 of the Complaint, the State Defendants admit that the State Defendants made digital copies of the contents of the Plaintiff's computer hard drives and other electronic devices but deny that the State Defendants continue to exercise dominion and control over the digital copies.

73. The State Defendants deny the allegations in paragraph 73 of the Complaint.

74. The State Defendants deny the allegations in paragraph 74 of the Complaint.

75.     Answering paragraph 75 of the Complaint, the State Defendants incorporate their answers to paragraphs 1-74 of the Complaint as if fully set forth herein.

76.     The State Defendants deny the allegations in paragraph 76 of the Complaint.

77.     The State Defendants deny the allegations in paragraph 77 of the Complaint.

78.     The State Defendants deny the allegations in paragraph 78 of the Complaint.

79.     Answering paragraph 79 of the Complaint, the State Defendants incorporate their answers to paragraphs 1-78 of the Complaint as if fully set forth herein.

80.     The State Defendants deny paragraph 80 of the Complaint.  Paragraph 80 of the Complaint contains an incorrect state of law.

81.     The State Defendants deny paragraph 81 of the Complaint.

82.     The State Defendants deny paragraph 82 of the Complaint.

83.     Answering paragraph 83 of the Complaint, the State Defendants admit that law enforcement officers of the Arizona Game and Fish Department have investigatory powers provided to them so that they may investigate suspected criminal and non-criminal violations of Title 17 of the Arizona Revised Statutes.  The State Defendants deny all other allegations in that paragraph.

84.     The State Defendants deny the allegations in paragraph 84 of the Complaint.

85.     The State Defendants deny the allegations in paragraph 85 of the Complaint.

86.     Answering paragraph 86 of the Complaint, the State Defendants incorporate their answers to paragraphs 1-85 of the Complaint as if fully set forth herein.

87.     The State Defendants deny the allegations in paragraphs 87 of the Complaint.

88.     The State Defendants deny the allegations in paragraph 88 of the Complaint.

89.     The State Defendants deny the allegations in paragraph 89 of the Complaint.

90.     The State Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 90 of the Complaint and therefore deny same.

91.     Answering paragraph 91 of the Complaint, the State Defendants incorporate their answers to paragraphs 1-90 of the Complaint as if fully set forth herein.

92.     Answering paragraph 92 of the Complaint, the State Defendants admit that Officer Colvin was acting within the scope and course of her duties when investigating the Plaintiff, drafting the affidavit in support of a search warrant, and executing the search warrant in this case.  The State Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in that paragraph and therefore deny same.

93.     The State Defendants deny the allegations in paragraph 93 of the Complaint.

94.     Answering paragraph 94 of the Complaint. the State Defendants admit that the State of Arizona is responsible for training and supervising law enforcement officers of the Arizona Game and Fish Department but denies all other allegations in that paragraph.

95.     The State Defendants deny the allegations in paragraph 95 of the Complaint.

96.     The State denies that Plaintiff is entitled to any of the damages requested in paragraphs A-E below paragraph 95 of the Complaint.

97.     The State denies each and every allegation contained in the Complaint not expressly admitted or specifically pled to herein.

## AFFIRMATIVE DEFENSES

By way of affirmative defense, the State alleges as follows:

1.     One or more aspects of the FAC fail to state a claim upon which relief can be granted.

2.     The State Defendants are entitled to absolute immunity pursuant to A.R.S. §§ 12-820.01, et seq.

3.      The State Defendants are entitled to qualified immunity pursuant to A.R.S. §§ 12-820.02 and 12-820.03.

4.      Plaintiff is not entitled to punitive or exemplary damages pursuant to A.R.S. § 12-820.04.

5.      At all times relevant to the Complaint, the State Defendants acted in good faith, and did not violate Plaintiffs' constitutional rights of which a reasonable person would have known, hereby raising the defense of qualified immunity.

6.      The State Defendants at all times acted professionally and pursuant to legitimate policing interests and in compliance with all constitutional amendments.

7.      The actions or inactions alleged against the State Defendants were not the proximate cause of any injuries, losses, or damages to the Plaintiff.

8.      The Plaintiff's damages were caused in whole or in part by the negligence of other parties and/or non-parties at fault. *See* A.R.S. § 12-2506.

9.      Plaintiff failed to mitigate his damages.

10.     The State Defendants hereby put Plaintiff on notice that future discovery may reveal additional facts that would support those affirmative defenses available, but unknown, to the State, including those defenses set forth in Arizona Rules of Civil Procedure 4, 8, and 12, and the State incorporates those defenses as if fully set forth herein.

WHEREFORE, having fully answered the Complaint, the State Defendants request the following:

A.      That the Complaint be dismissed with prejudice and Plaintiff takes nothing thereby;

B.      That the State Defendants be awarded their costs and reasonable attorneys' fees incurred herein; and

C.     The State Defendants be awarded such other and further relief as this Court deems just and proper.

DATED this 29th day of October, 2018.

                                        Mark Brnovich
                                        Attorney General

                                        /s/ Christopher B. Davis
                                        Christopher B. Davis
                                        Stephanie Elliott
                                        Jeremy Horn
                                        Assistant Attorneys General
                                        *Attorneys for Defendant*

ORIGINAL filed via AzTurboCourt and a
COPY e-served this 29th day of October, 2018 to:

Joel B. Robbins, Esq.
Anne E. Findling, Esq.
Jesse M. Showalter, Esq.
Lauren E. Channell, Esq.
Robbin & Curtin, P.L.L.C.
301 E. Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
reception@robbinsandcurtin.com

*Attorneys for Plaintiff*

  /s/Eleanor Powell

#7413061

11