**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James D Hamberlin, et al., | No. CV-18-03624-PHX-DLR |
| Plaintiffs, | **ORDER** |
| v. | |
| State of Arizona, et al., | |
| Defendants. | |

Plaintiffs James and Christine Hamberlin allege that Defendants State of Arizona and Officer Kriselle Colvin of the Arizona Fish and Game Department unlawfully searched Plaintiffs' home in violation of their Fourth and Fourteenth Amendment rights. Before the Court is Plaintiffs' Motion for Partial Summary Judgment Regarding the Binding Effect of Superior Court Ruling on Lack of Probable Cause. (Doc. 22.) The motion is fully briefed and neither party requested oral argument. For the following reasons, Plaintiffs' motion is granted in part and denied in part.

## I. Background

Officer Colvin obtained four search warrants related to James Hamberlin ("Dr. Hamberlin"). A warrant issued for Dr. Hamberlin's person, home, vehicle, and powered parachute ("Home Warrant"). (Doc. 22-9.) Warrants also issued for Dr. Hamberlin's cell phone records and social media accounts (collectively the "Other Warrants"). (Docs. 22-6; 22-10; 22-11.) On April 10, 2018, Dr. Hamberlin filed a motion to controvert the Home

Warrant, arguing among other things that it lacked probable cause and was overbroad. (Doc. 22-13.) Dr. Hamberlin's motion did not seek to convert the Other Warrants. The Superior Court held a hearing on the motion to controvert. (Doc. 22-3 at 8-70; Doc. 23.) Following the hearing, the Superior Court issued an advisory ruling, granting the motion to controvert the Home Warrant based on the lack of probable cause. (Doc. 22-1.) Subsequently, the Superior Court incorporated its advisory ruling in a final order. (Doc. 22-16.) The State appealed and that appeal remains pending.[1] (Doc. 22-17 at 54.)

## II. Legal Standard

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it might affect the outcome of the case, and a dispute is genuine if a reasonable jury could find for the nonmoving party based on the competing evidence. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002). Summary judgment may also be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id*. at 323. The burden then shifts to the non-movant to establish the existence of a genuine and material factual dispute. *Id*. at 324. Thus, the nonmoving party must show that the genuine factual issues "'can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.'" *Cal. Architectural Bldg. Prods., Inc. v. Franciscan*

---

[1] Although the Superior Court's order currently is on appeal, this does not affect the finality of judgment for purposes of collateral estoppel. *Collins v. D.R. Horton, Inc.*, 505 F.3d 874, 882 (9th Cir. 2007) ("[A] final judgment retains its collateral estoppel effect, if any, while pending appeal.").

*Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987) (quoting *Anderson*, 477 U.S. at 250).

**III. Discussion**

Plaintiffs' argument is two-fold. First, Plaintiffs contend that collateral estoppel should apply to the Superior Court's finding that the Home Warrant lacked probable cause. Second, Plaintiffs assert that the Superior Court's ruling on the Home Warrant should be extended to the Other Warrants, precluding litigation on whether probable cause exists as to the Other Warrants as well.

Collateral estoppel "precludes relitigation of an issue already litigated in a previous proceeding between the same parties." *Pike v. Hester*, 891 F.3d 1131, 1138 (9th Cir. 2018). State court judgments must be given the "preclusive effect that those judgments would enjoy under the law of the state in which the judgment was rendered." *Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 993 (9th Cir. 2001). Because an Arizona Superior Court decision is at issue, Arizona issue preclusion law applies.

Under Arizona law, issue preclusion applies when (1) "the issue is actually litigated in the previous proceeding;" (2) "there is a full and fair opportunity to litigate the issue;" (3) "resolution of such issue is essential to the decision;" (4) there is a valid and final decision on the merits;" and (5) "there is a common identity of the parties." *Hawkins v. State Dep't of Econ. Sec.*, 900 P.2d 1236, 1239 (Ariz. Ct. App. 1995); *see also Clusiau v. Clusiau Enterprises, Inc.*, 236 P.3d 1194, 1196 (Ariz. Ct. App. 2010) (adopting Restatement (Second) of Judgments (1982)). As the party asserting issue preclusion, Plaintiffs have the burden of establishing these elements. *Bayless v. Indus. Comm'n of Ariz.*, 880 P.2d 654, 659 (Ariz. Ct. App. 1993).

**A. Home Warrant**

With respect to the Home Warrant, there is no dispute that the probable cause issue was actually litigated, that the issue was essential to the Superior Court's order controverting the Home Warrant, that the order was a valid and final decision on the merits, and that a common identity exists. Defendants challenge only whether they had a full and fair opportunity to litigate the issue of probable cause in the prior proceeding.

The Restatement (Second) of Judgments § 28 sets out factors that guide the determination whether there has been a full and fair opportunity to litigate. In relevant part, it states:

> Although an issue is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, relitigation of the issue in a subsequent action between the parties is not precluded ... [when]
>
> (1) The party against whom preclusion is sought could not, as a matter of law, have obtained review of the judgment in the initial action; or
>
> * * *
>
> (3) A new determination of the issue is warranted by differences in the quality or extensiveness of the procedures followed in the two courts or by factors relating to the allocation of jurisdiction between them.

Restatement § 28.

Here, it is undisputed that the Superior Court's ruling is reviewable; it presently is on appeal. Moreover, courts regularly find that the quality and extensiveness of the procedures in suppression hearings afford a full and fair opportunity to litigate issues of probable cause. *See, e.g.*, *Montgomery v. Turner*, 700 F. App'x 769 (9th Cir. 2017); *McIntosh v. Prestwick*, 277 F. App'x. 683 (9th Cir. 2008); *Haupt v. Dillard*, 17 F.3d 285, 289-90 (9th Cir. 1994); *Abell v. Raines*, 640 F.2d 1085, 1088 (9th Cir. 1981); *Rosenquist v. Ariz.*, No. 09-CV-2495-PHX-JFM, 2010 WL 2899046, at *1 (D. Ariz. July 22, 2010); *Montenegro v. Elliot*, No.07-CV-941-PHX-NVW, 2007 WL 345099, at *2 (D. Ariz. Oct. 25, 2007). Dr. Hamberlin moved pursuant to A.R.S. § 13-3922 to controvert the warrant. Similar to a motion to suppress, a search warrant is controverted if the court determines that "probable cause did not exist for believing the items are subject to seizure" or "the property taken is not the same as that described in the warrant." A.R.S. § 13-3922(A).

Defendants nevertheless contend that the proceeding before the Superior Court lacked sufficient procedures because pre-hearing discovery was prohibited, the hearing was set within 60-days of the response being filed, and the hearing was limited to two-and-a-

half hours. (Doc. 23 at 4.) In support, Defendants rely on *Clausiau v. Clusiau Enterprises, Inc.*, 236 P.3d 1194 (Ariz. Ct. App. 2010). The Court finds the case readily distinguishable.

The court in *Clusiau* sought to determine whether preclusion applied to an issue adjudicated in small claims court. In finding that it did not, the court reasoned that the small claims court judgment could not serve as the basis for offensive use of issue preclusion because small claims court does not provide the same procedural protections as superior court, including the right to appeal. *Id.* at 1198-99. Other procedural protections absent in small claims court included representation by counsel and use of the Rules of Evidence and the Rules of Civil Procedure. *Id.* at 1198.

Unlike *Clusiau*, Defendants had the right to appeal, were represented by counsel, and participated in a hearing that was governed by the rules of evidence and procedure. The perceived inadequacies in the proceedings Defendants have identified do not persuade the Court that Defendants were deprived of a full and fair opportunity to litigate the probable cause issue.[2]

**B.  Other Warrants.**

Next, Plaintiffs argue that the Superior Court's ruling on the Home Warrant "should be given preclusive effect for the" Other Warrants. (Doc. 22 at 16.) In support, Plaintiffs note that "[t]he factual allegations which serve as the basis for each of the three November 21, 2017 search warrants are virtually identical." *(Id.*) In effect, Plaintiffs request that the Court find the Superior Court's ruling as to the Home Warrant extends to the Other Warrants.

Plaintiffs have failed to meet their burden. The issue of probable cause for the Other Warrants was not litigated in the Superior Court proceeding. Nor is the Superior Court's

---

[2] Defendants argue that "if issue preclusion does apply[,] then all of [the Superior Court's] findings of fact and law are binding on this Court and on Plaintiffs." (Doc. 23 at 5.) The Court disagrees. "Where . . . the court makes findings of fact but the judgment is not dependent upon these findings, they are not conclusive between the parties in a subsequent action based upon a different cause of action." *Fibreboard Paper Prod. Corp. v. E. Bay Union of Machinists, Local 1304*, 344 F.2d 300, 306 (9th Cir. 1965); *King v. Superior Court*, 673 P.2d 787, 791 (Ariz. 1983). The Superior Court's finding that "the affiant was engaged in a reasonable investigation" is not essential to the ruling that the warrant lacked probable cause.

ruling as to the Home Warrant preclusive as to the Other Warrants given that probable cause is location specific.  *See Greenstreet v. Cty. of San Bernardino*, 41 F.3d 1306, 1309 (9th Cir. 1994) ("A search warrant designating more than one person or place to be searched must contain sufficient probable cause to justify its issuance as to each person or place named therein.").  Because Plaintiffs moved only to controvert the Home Warrant, the Superior Court limited its review and decision accordingly.  Plaintiffs therefore cannot establish the first four elements of issue preclusion with respect to the Other Warrants.

**IT IS ORDERED** that Plaintiffs' Motion for Partial Summary Judgment (Doc. 22) is **GRANTED IN PART** and **DENIED IN PART** as explained herein.

Dated this 23rd day of July, 2019.


Douglas L. Rayes
United States District Judge